UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>D.R. HORTON, INC.,<br><br>Defendant(s). | Case No. 2:14-CV-2222 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant D.R. Horton's motion to dismiss plaintiff's class action allegations. (Doc. # 6). Plaintiffs have not filed a response and the deadline to do so has passed.

Also before the court is defendant's motion to stay litigation pending compliance with NRS 40.600. (Doc. # 5).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

Pursuant to Local Rule 7-2, an opposing party must file points and authorities in response to a motion and failure to file a timely response constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *See* LR IB 7-2(d); *United States v. Warren*, 601

**James C. Mahan**
**U.S. District Judge**

F.2d 471, 474 (9th Cir. 1979).  However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In light of plaintiff's failure to respond and weighing the factors identified in *Ghazali*, the court finds dismissal of plaintiffs' class action appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant D.R. Horton's motion to dismiss plaintiff's class action allegations (doc. # 6) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' complaint (doc. # 1) be dismissed without prejudice.

IT IS FURTHER ORDERED that defendant's motion to stay litigation pending compliance with NRS 40.600 (doc. # 5) is hereby DENIED as moot.

DATED January 27, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**