UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION,<br><br>        Plaintiff(s),<br><br> v.<br><br>D.R. HORTON, INC.,<br><br>        Defendant(s). | Case No. 2:14-CV-2222 JCM (NJK)<br><br>ORDER |

Presently before the court is a motion for relief from an order, and in the alternative, a motion for reconsideration, submitted by plaintiff Azure Manor/Rancho De Paz Homeowners Association ("HOA"). (Doc. # 13). Defendant D.R. Horton, Inc. ("D.R. Horton") filed a response, (doc. # 14), and plaintiff filed a reply, (doc. # 15).

**I. Background**

Plaintiff in this case is the homeowners association for the Azure Manor/Rancho De Paz community in Clark County, Nevada. (Doc. # 2 at 3). Plaintiff, in its representative capacity, brought suit in Nevada state court against D.R. Horton, one of the community's builders, alleging construction defects. (Doc. # 2 at 3). Plaintiff brought this action as a single-family home class action suit. (Doc. # 2 at 3).

D.R. Horton removed the action to this court. (Doc. # 1). On January 07, 2015, it filed a motion to stay litigation and to dismiss plaintiff's class action allegations. (Doc. # 5). In this motion, D.R. Horton argued that plaintiff failed to meet the various notice requirements for construction defect claims established by N.R.S. chapter 40 and asked this court to stay the case until plaintiff complied with the statutory requirements. (Doc. # 5 at 5–6). Additionally, D.R.

**James C. Mahan**
**U.S. District Judge**

Horton argued that a class action suit is inappropriate for constructive defect claims for single-family homes and asked this court to dismiss the portion of plaintiff's complaint related to the class action allegations. (Doc. # 5 at 7–10).

Plaintiff's response to D.R. Horton's motions was due January 26, 2015. (Doc. # 13 at 4). After plaintiff failed to file its response on this date, this court issued an order on January 27, finding that this failure constituted plaintiff's consent to granting D.R. Horton's motion and that a weighing of the *Ghazali* factors supported dismissal of plaintiff's claims. (Doc. # 11; *see Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995)). Accordingly, this court dismissed plaintiff's complaint without prejudice. (Doc. # 11).

Plaintiff now moves for relief from this order pursuant to F.R.C.P. 60(b)(1). In the alternative, plaintiff moves for reconsideration of this order.

**II.    Legal standard**

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik,* 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

**III.    Discussion**

Plaintiff makes a variety of arguments as to why this court should either grant plaintiff relief from its earlier order dismissing plaintiff's complaint or otherwise reconsider the order: (1) this court did not have jurisdiction over this claim; (2) the totality of the circumstances support this court's permissive withdrawal of plaintiff's consent to defendant's motion to dismiss; (3) plaintiff's failure to meet the response deadline satisfies the "mistake, inadvertence, surprise, or excusable neglect" standard for Rule 60(b)(1); and (4) the court's consideration of the *Ghazali* factors was incorrect and dismissing plaintiff's claims will lead to an injustice.

**James C. Mahan**
**U.S. District Judge**

- 2 -

For reasons set out below, the court will grant plaintiff's motion for relief on the premise that plaintiff's failure to respond to D.R. Horton's motion constituted "excusable neglect" under Rule 60(b). Accordingly, the court will only address this argument, as well as plaintiff's overarching arguments as to whether this court has jurisdiction to hear this claim.

### A.   Jurisdiction

Plaintiff asserts two arguments to why this court lacks jurisdiction to hear this claim: (1) D.R. Horton's process for removing this case from state to federal court was improper, and (2) plaintiff anticipates adding multiple Nevada subcontractors as defendants to its complaint, thus destroying the complete diversity requirement for subject matter jurisdiction.

#### 1.   Failure to properly remove the case from state to federal court

In regards to removal, plaintiff argues that D.R. Horton failed to satisfy the requirements for removing an action from state to federal court by not filing a copy of the notice of removal with state court. 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall . . . file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

D.R. Horton admits it filed such notice with Nevada state court after receiving plaintiff's instant motion. (Doc. # 14 at 5). However, D.R. Horton argues that the Ninth Circuit has found that a "*de minimis* procedural defect [is] curable" even after expiration of the thirty-day removal period." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (finding that the defendant's failure to attach a copy of plaintiff's complaint to the notice of removal pursuant to §1446(a) is a *de minimis* procedural defect that does not warrant remand). To support this argument, D.R. Horton points to the facts that its delay in filing such notice was only thirty-three days and that the state court took no action in the intervening period. (Doc. # 14 at 5). The court agrees with this reasoning and finds that defendant's error was *de minimis* and does not affect the court's ability to hear this claim.

. . .

. . .

### 2. Lack of diversity jurisdiction

Plaintiff additionally asserts that once discovery commences, there are likely dozens of subcontractors that it will name as additional parties (Doc. # 13 at 9–10). Since most if not all of these subcontractors will be citizens of Nevada, the addition of any of these parties would defeat the complete diversity requirement for diversity jurisdiction. *See* 42 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Regardless of plaintiff's anticipation of adding non-diverse parties in the future, the diversity requirement is based on the diversity of the parties "at the time the action is removed to federal court." *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) (*citing* C. Wright, *Law of Federal Courts* § 38, at 153 (3d ed. 1976); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 311 (2d ed. 1985)). Because plaintiff did not challenge the diversity of the parties at the time defendant removed this action and has not since added non-diverse parties, this court has jurisdiction over this claim.

### B. Excusable neglect under Rule 60

Plaintiff explains that it failed to file a timely response to D.R. Horton's original motion, because plaintiff "mistakenly calendared" the deadline for January 29, 2015, the same deadline for another matter D.R. Horton sought to consolidate with this case. (Doc. # 13 at 4). Plaintiff argues that such an error satisfies the grounds for relief from an order stated in Rule 60: "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In clarifying this standard, the Supreme Court has held that "excusable neglect covers situations in which the failure to comply with a filing deadline is attributable to negligence." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1222 (9th Cir. 2000) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395(1993) (internal citation marks omitted). This "determination . . . is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1223 (citing *Pioneer*, 507 U.S. at 395). The Ninth Circuit has further explained "that the factors recited in *Pioneer* [are] not exclusive, but that they 'provide a framework with which to determine

**James C. Mahan**
**U.S. District Judge**

- 4 -

whether missing a filing deadline constitutes 'excusable' neglect.'" *Id*. at 1224 (quoting *Pioneer*, 507 U.S. at 381).

In *Bateman v. U.S. Postal Service*, the plaintiff's attorney knew that a response was due for defendant's motion for summary judgment on August 21, but he left the country on August 10 due to a family emergency without filing a response or seeking an extension from the court. *Id.*at 1223. A week after the deadline past, the defendant moved for the district court to grant the motion as unopposed. Although the plaintiff's attorney returned to the U.S. on August 29, he waited an additional sixteen days to contact the court or the opposing party to explain his absence. *Id.* The attorney later attributed this delay to the recovery of jet lag and the time it took to sort through the mail that had accumulated. *Id.* In the interim, the court issued an order granting summary judgment in favor of the defendant. *Id.* The attorney eventually filed a Rule 60(b) motion, which the district court denied.

On appeal, the Ninth Circuit applied the *Pioneer* factors stated above and found that the attorney's conduct did constitute excusable neglect and that the plaintiff was accordingly entitled to Rule 60(b)(1) relief. *Id.*at 1224. The court found that the danger of prejudice to the defendant was "minimal," since "it would have lost a quick victory" if the Rule 60(b) motion was granted. *Id* at 1124–25. Furthermore, the court found that the "length of delay, and its potential impact on the judicial proceedings, was also minimal." *Id*. at 1225. The attorney wrote to the court twelve days after it granted summary judgment, asking the court to rescind its decision, and then filed his Rule 60 motion one month after the court's decision. *Id*. The court found that this period was "not long enough to justify denying relief," especially since discovery had only closed in August and the delay would not have likely postponed the trial. *Id*. Although the court did find that the attorney's reason for the delay was "weak," it found that "there [was] no evidence that he acted with anything less than good faith." *Id*.

In this case, plaintiff's counsel admits that the failure to timely file the timely response to defendants' motion to dismiss is solely the fault of counsel because of a calendaring issue. The court does not take lightly counsel's failure to observe and adhere to deadlines. However, the court's intent in dismissing this action without prejudice was to preserve plaintiff's claims despite

**James C. Mahan**
**U.S. District Judge**

- 5 -

counsel's dilatory behavior. Now counsel represents that dismissal without prejudice would bar action by plaintiff under the applicable statute of limitations.

The court finds that dismissal of plaintiff's action without an opportunity to respond to defendant's motion to dismiss would unjustly prejudice plaintiff. Applying the *Pioneer* factors to the instant case, the court finds that plaintiff's calendaring error constitutes excusable neglect. Like in *Bateman*, there is no evidence that Rule 60 relief would prejudice D.R. Horton in any way other than removing its "quick victory." Conversely, plaintiff argues that it would be greatly prejudiced if this court denied Rule 60 relief, because plaintiff filed its claim just before the ten-year statute of limitations expired for several of the homes which closed escrow towards the end of 2004. (Doc. # 13 at 16). Although this court dismissed plaintiff's claim without prejudice, plaintiff argues that this time bar might preclude claims for such homes. While D.R. Horton counters with the fact that plaintiff has not identified which homes would actually be precluded, the factor does contemplate the "danger of prejudice." *Bateman*, 231 F.3d at 1224. The court finds that there is a danger of prejudice to plaintiff if Rule 60 relief is not granted.

Furthermore, the length in the filing delay here was extremely minimal. Plaintiff filed its Rule 60 motion on January 31, 2015, five days after the response deadline and four days after this court dismissed its complaint. (Doc. #13 at 4). Such a delay is far more reasonable than the twelve days the attorney in *Bateman* took to contact the court after summary judgment was granted, along with the additional month to file his motion after the court's reply. Furthermore, the calendaring mistake in the instant case was a far more reasonable excuse for the delay than the Bateman's attorney's jetlag and backlogged mail. Finally, there is no evidence that plaintiff acted in less than good faith. Since each of the *Pioneer* factors weighs in plaintiff's favor, this court will grant its motion for Rule 60 relief.

. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

### IV. Conclusion

Based on the analysis above, the court will grant plaintiff's motion for Rule 60 relief from the court's January 27, 2015, order dismissing the plaintiff's complaint without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for Rule 60 relief, (doc. # 13), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall reopen this case.

IT IS FURTHER ORDERED that plaintiff shall file a response to defendant's motion to dismiss, (doc. # 6), within fourteen days of the entry of this order.

DATED June 10, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**