UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION,<br><br>        Plaintiff(s),<br><br>    v.<br><br>D.R. HORTON, INC.,<br><br>        Defendant(s). | Case No. 2:14-CV-2222 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant D.R. Horton, Inc.'s motion to stay litigation and motion to dismiss plaintiff Azure Manor/Rancho de Paz Homeowners Association's class action allegations. (Docs. ## 5, 6). The court previously entered an order granting defendant's motion to dismiss upon plaintiff's failure to timely respond to the motion after weighing the factors under *Ghazali*. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); (doc. # 11). Plaintiff objected to the order and moved for relief from the judgment under F.R.C.P 60(b)(1). (Doc. # 13).

Plaintiff argued that the case should be reopened because the failure to respond resulted from counsel's calendaring deficiency and that dismissal would result in substantial prejudice to plaintiff due to the statute of limitations period. (*Id.*). Although the court stated that it did "not take lightly counsel's failure to observe and adhere to deadlines[,]" the court ultimately reopened the case because "dismissal . . . without an opportunity to respond . . . would unjustly prejudice plaintiff." (Doc. # 16 at 5–6). Thus, plaintiff was afforded an opportunity to respond and did so. (Docs. ## 16, 17). The defendant submitted a reply to the response. (Doc. # 18).

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

I. **Background**

This lawsuit concerns 103 homes constructed by D.R. Horton within a 202-home community; the remaining homes were developed and/or constructed by U.S. Home Corp.[1] Plaintiff filed this action in state court as a single-family home class action suit concerning construction defects of the residential homes within the plaintiff's community. (Doc. # 2 at 2–5). The defendant removed the action to this court. (Doc. # 1). D.R. Horton filed a motion to stay litigation and a motion to dismiss the plaintiff's class action allegations. (Doc. ## 5, 6). The motion alleges that plaintiff has failed to meet the notice requirements for construction defect claims under NRS Chapter 40 and requests that the court stay the proceedings until plaintiff has complied with the pre-litigation requirements. Defendant also requests that the court dismiss the class action allegations because defendant argues that class actions generally do not apply to single-family home construction defect actions due to the uniqueness of each home.

II. **Legal Standard**

*A. Standing*

As an initial matter, the court must resolve the defendant's claim that the HOA lacks standing to bring the action on behalf of the homeowners. (*See* Doc. #6 at 7-10). *See Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923 (9th Cir. 2007) (standing is a threshold jurisdictional issue in any federal action). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit. In that event, the suit should be dismissed under Rule 12(b)(1)." *MVP Asset Mgmt. (USA) LLC v. Vestbirk*, 2:10-CV-02483-GEB, 2012 WL 2873371 (E.D. Cal. July 12, 2012) (quoting *Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004)).

The Supreme Court has held that in order to establish Article III standing for a particular law suit, a plaintiff must show that he has suffered an injury-in-fact, that the injury is traceable to the defendant, and that a favorable disposition of the suit would redress his injury. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000).

---

[1] Plaintiff also filed a separate complaint against U.S. Home Corporation and other defendants in case number 2:15-cv-00002-JAD-CWH.

James C. Mahan
U.S. District Judge

- 2 -

B. *Motion to dismiss*

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

James C. Mahan
U.S. District Judge

- 3 -

### III. Discussion

*A. HOA's standing to bring suit*

NRS §§ 40.645(3) and 116.3102(d) establish standing for an HOA in constructional defect cases under certain circumstances. NRS 40.645(2) states that "[a] representative of a homeowners' association may send notice pursuant to this section on behalf of an association if the representative is acting within the scope of the representative's duties pursuant to Chapter 116 or 117 of NRS."

Under NRS § 116.3102(d), a homeowners' association "may institute, defend[,] or intervene in litigation or in arbitration, mediation[,] or administrative proceedings in its own name on behalf of itself or two or more units' owners on matters affecting the common-interest community." The statute continues to state "[t]he [homeowners] association may not institute, defend[,] or intervene in litigation or in arbitration, mediation[,] or administrative proceedings in its own name on behalf of itself or units' owners *with respect to an action for a constructional defect pursuant to NRS 40.600 to 40.695*, inclusive, and sections 2 and 3 of this act *unless the action pertains exclusively to common elements*." NRS § 116.3102(d) (emphasis added).

Defendant argue 1) that class action treatment is improper for single-family residence constructional defect actions and 2) that because the NRS Chapter 40 pre-litigation requirements are not met, the HOA may not represent homeowners.

Under NRCP 23(c)(1), a district court may:

> grant class action certification on a conditional basis. Conditional certification notifies the parties that a court may exercise its discretion to later revoke certification in complex litigation cases. Thus, in cases that appear complex, a district court should grant conditional class action certification, if appropriate, and then reevaluate the certification in light of any problems that appear post-discovery or later in the proceedings. At such point of difficulties, "the district court must reevaluate class action certification under NRCP 23.

*Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 858–59 (2005).

The court finds that conditional classification is appropriate at this point in time considering the complexity of the case and the fact that certain pre-litigation requirements have not yet been met, as discussed below. NRCP 23 provides four elements that must be met for certification of class actions. *See* NRCP 23. The court has been provided with factual allegations regarding three homes, which are allegedly similarly situated within the community. A meaningful analysis of the NRCP 23 requirements with respect to those allegations will not be possible until the parties have conclusively fulfilled the pre-litigation procedural requirements of Chapter 40. Taking the plaintiff's allegations as true, however, the court finds there is at least some commonality of the

James C. Mahan
U.S. District Judge

- 4 -

defects in the tested homes. This provides the court a sufficient basis for granting a conditional class certification, which may be reevaluated later.

If the court determines later that class certification is inappropriate, then the similarly-situated construction defects may be appropriate for litigation via joinder action or consolidated action. *See Shuette*, 121 Nev. at 859. Again, the court cannot make this determination until the parties comply with the pre-litigation requirements. Accordingly, the court will conditionally grant class action certification. The HOA has standing to sue. The question of how the action should be classified—class action, joinder, consolidated, or otherwise—will be preserved for consideration after pre-litigation requirements have been met.

B. *Motion to stay*

This court now turns to the parties' request to stay the proceedings. This court concludes that the stay is appropriate. Under NRS Chapter 40, construction defect actions require notice, opportunity to inspect and cure alleged defects, and mediation, all to be met prior to litigation. *See* NRS §§ 40.645, 40.647, 40.680. If the parties fail to follow the requirements of providing notice and opportunities to inspect and cure, then the court shall either "dismiss the action without prejudice and compel the claimant to comply with those provisions before filing another action" or " [i]f dismissal of the action would prevent the claimant from filing another action because the action would be procedurally barred by the statute of limitations or statute of repose, the court shall stay the proceeding pending compliance with those provisions by the claimant." NRS §§ 40.647(2)(a)–(b).

The fact that a plaintiff properly commenced an action under the statute of limitations exception does not, however, mean that litigation will simply proceed without compliance with the pre-litigation requirements. When plaintiff has not met the pre-litigation requirements of Chapter 40, but has commenced an action anyway due to the statute of limitations deadline approaching, the court must stay the proceedings. NRS § 40.647(2)(b).

In the present case, under this statute of limitations exception, the court finds that plaintiff has properly commenced its action, despite failing to meet the pre-litigation requirements.[2] *See* NRS § 40.647(2)(b). Thus, the "court shall stay the proceeding pending compliance" with the requirements of Chapter 40, as discussed below. *Id.*

---

[2] The exact time at which the statute of limitations expired is not clear. However, defendant does not dispute the statute of limitations issue.

James C. Mahan
U.S. District Judge

- 5 -

### 1. Notice requirement (NRS § 40.645)

The sufficiency of the sent pre-litigation notice is contested by the parties. The notice sent by plaintiff expresses that it is a "class notice of construction defects (NRS 40.645))" (doc. #13-1 at 3, exh. 1) delivered by U.S. Certified Mail[,] return receipt requested to D.R. Horton, Inc.'s registered agent "The Corporation Trust Company of Nevada[,] 311 S. Division St.[,] Carson City, NV 89703." (*Id.* at 2). The delivery to defendant was accepted on December 5, 2015. Plaintiff sent the notice to the defendant on November 21, 2014, and commenced this action on November 26, 2014. (Doc. #2 at 2, Exh. A to petition for removal). Defendant claims that "because [p]laintiff commenced this action before it provided the required notice, D.R. Horton did not have an opportunity to inspect, offer repairs or mediate the claims . . . ." (Doc. #6 at 6).

Due to the exception discussed above, any argument that the notice being late is invalid because a plaintiff can commence an action without notice and then comply with the pre-litigation requirement after the proceeding is stayed by the court. Furthermore, the court finds that this notice, although late, would still be sufficient under the statute. The details alleged, taken on their face, appear to provide specificity of the alleged defects, including their location and details. The plaintiff's experts tested several homes to display the existence of similarly situated defects in the homes.

The Nevada Supreme Court has held that extrapolation may be used to determine whether homes are similarly situated with defects "only if they are part of a subset of homes within the development." D.R. Horton, Inc. v. Eighth Jud. Dist. Ct. ex. Rel. Cty. Of Clark, 123 Nev. 468, 480 (2007). The Nevada Supreme Court refers to a "reasonable threshold test" which allows statistical extrapolation by experts who have analyzed "at least one of the homes in each subset of homes included within the scope of the extrapolated notice." *Id.*

The purpose of the specificity requirement is to provide defendant(s) the particular location and extent of damages in order to direct defendant(s) to these defects during their opportunity to inspect and or cure the defects. While the notice is not explicit that the defendant is the cause of such defects, this fact is easily inferred from defendant's role as the general contractor of the allegedly similarly situated homes. In sum, the court finds that notice was valid in the present case.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

### 2. Opportunity to inspect and cure (NRS § 40.647) and the mediation requirement (NRS § 40.680)

The parties have failed to comply with the requirements of NRS §§ 40.647 and 40.680. NRS § 40.647 requires a plaintiff to provide an opportunity for a defendant to inspect the exact locations of each alleged construction defect in order to assess whether repairing or curing the alleged deficiencies is preferable to litigation. NRS § 40.647(1)(a)–(c). Similarly, NRS § 40.680 places a requirement of mediation on the parties "before a claimant commences an action or amends a complaint to add a cause of action for a constructional defect against a contractor, subcontractor, supplier, or design professional[.]" NRS § 40.680(1). Parties may waive this mediation requirement only via writing. *Id.*

In the present case, opportunity to inspect and opportunity to cure or repair both appear to be lacking. Defendant appears to have attempted to inspect the allegedly defective homes so that it could assess whether it would take advantage of the opportunity to cure or repair the alleged defects, but defendant was unsuccessful in its attempt to inspect. (Doc. #13-6 at 2). Plaintiff must provide defendant an opportunity to inspect the defects and, if defendant so desires, an opportunity to cure or repair the defects.

The record indicates no attempts to mediate have been made, nor does there appear to be any waiver of the mediation requirement. In fact, the defendant expressed the contrary in correspondence dated March 25, 2015, when it represented that:

> nothing in this letter should be construed as a waiver of D.R. Horton's right's under Chapter 40 or any deficiencies of the subject Chapter 40 notices. Moreover, D.R. Horton reserves all its rights with respect to objecting to and/or challenging any substantive or procedural issue raised by the subject Chapter 40 notices.

(Doc. #17-4 at 3–4). The parties to this action are ordered to engage in the mediation prescribed by NRS § 40.680 or provide the court with proof that they have done so since the filing of this motion.

It is important to note that the NRS § 40.647(2)(b) exception discussed above prevents the plaintiff's claims from being procedurally barred but does not allow plaintiff to escape the pre-litigation requirements altogether. Required notice appears to have been met, but the opportunity to inspect and cure or repair and mandatory mediation requirements have not been met. Therefore, due to the parties' non-compliance with the pre-litigation requirements, the court will grant the motion to stay the proceedings pending the completion of the pre-litigation requirements under

James C. Mahan
U.S. District Judge

- 7 -

NRS Chapter 40. Furthermore, the court compels the parties to comply with any other Chapter 40 pre-litigation requirements that have not been fulfilled in this matter prior to any litigation moving forward.

*C. Motion to dismiss class action allegations*

Based on the foregoing, the motion to dismiss class action allegations is denied without prejudice. If defendant discovers during the opportunity to inspect, opportunity to cure, or mediation that the single-family residences do not have the "commonality" discussed for class action suits, then the motion may be renewed at that time.

**IV.     Conclusion**

IT IS HEREBY ORDERED, ADJUGED, AND DECREED that defendant D.R. Horton, Inc.'s motion to stay (doc. #5) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant D.R. Horton, Inc.'s motion to dismiss (doc. # 6) be, and the same hereby is, DENIED without prejudice.

The clerk shall stay this case pending notice from the parties that the Chapter 40 pre-litigation requirements have been met.

DATED March 15, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -