# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AZURE MANOR/RANCHO DE PAZ
HOMEOWNERS ASSOCIATION

Plaintiff(s),

vs.

D.R. HORTON, INC.,

Defendant(s).

Case No. 2:14-cv-02222-JCM-NJK

ORDER

(Docket No. 26)

Pending before the Court is Defendant D.R. Horton's motion to compel attendance at mediation. Docket No. 26. Plaintiff filed a response in opposition. Docket No. 30. Defendant filed a reply. Docket No. 32. For reasons discussed more fully below, the motion is **DENIED**.

I. **FACTUAL OVERVIEW**

Plaintiff Azure Manor Community's Homeowner's Association brings suit in the instant case on behalf of the homeowners for alleged construction defects. Docket No. 26 at 3. Defendant constructed 103 of the 202 homes in the community. Docket No. 30 at 2. On January 7, 2015, Defendant filed a motion to stay litigation, Docket No. 5, and a motion to dismiss, Docket No. 6. The Court granted the motion to stay litigation and ordered the parties to complete the pre-litigation requirements set forth by Nevada Revised Statute ("N.R.S.") § 40.647 and N.R.S. § 40.680 ("Chapter 40 requirements"). Docket No. 19. The Court granted Plaintiff conditional class certification due to the complexity of the case and in an effort to allow discovery to proceed. *Id.* at 4. Therefore, Plaintiff was

given standing to bring suit on behalf of the class members. Because of the conditional nature of the class certification, the Court is preserving "[t]he question of how the action should be classified- class action, joinder, consolidated, or otherwise...for consideration after pre-litigation requirements have been met." *Id.* at 5.

N.R.S. § 40.647 requires a plaintiff in a construction defect claim to provide the defendant with the opportunity to inspect the alleged defect and determine if the defendant will repair the damage or proceed with litigation. N.R.S. § 40.680 requires parties to participate in a mediation before commencing a construction defect action. As of January 7, 2015, Defendant had not completed the N.R.S. § 40.647 inspections and Plaintiff was ordered to provided Defendant the opportunity to inspect the homes with the alleged defects. Docket No. 19 at 7. On July 1, 2016, Defendant notified Plaintiff that it had completed the inspections in accordance with N.R.S. § 40.680 and the Court's order. Docket No. 31-3 at 2.

In the parties' attempts to schedule and conduct the N.R.S. § 40.680 mediation, Defendant requested the presence of each of the homeowners of the 64 homes it inspected to attend the mediation in the stead of the HOA representative. Docket Nos. 30-6 at 28, 30-14 at 5-6, 30-16 at 2-3. Plaintiff nonetheless scheduled a mediation without the presence of the homeowners, knowing Defendant would not participate. Docket No. 30-16.

II. **ANALYSIS**

A. Plaintiff has standing to sue and therefore possesses full settlement authority

A named plaintiff in a class action has the authority "to decide matters of litigation strategy" on behalf of the class throughout the life of an action. *Koby v. ARS National Services, Inc.*, 846 F.3d 1071, 1077 (9th Cir. 2017). Pre-litigation attempts to resolve a matter include the decision to settle through methods of alternative dispute resolution such as mediation, settlement conferences, and early neutral evaluations. *Id.* Courts may grant conditional class certification prior to issuing a final determination on the merits, under the appropriate circumstances. Nev. R. Civ. P. 23(c)(1)*; see White v. Experian Info. Solutions, Inc.*, 803 F. Supp. 2d 1086, 1094 (C.D. Cal. 2011)*; see also Padan v. West Bus Solutoins,*

*LLC*, 2016 U.S. Dist. LEXIS 8916, at *5 (D. Nev. Jan. 25, 2016).

In its requests for the homeowners' attendance at the mediation, Defendant ignores the Court's order granting Plaintiff standing in direct connection to the obligation to fulfill the Chapter 40 requirements. Defendant submits that completing the mediation before the Court classifies the action "will have been for naught" because the Court will likely deny class certification after a Nev. R. Civ. P. 23 analysis. Docket No. 26 at 4. Defendant ignores the Court's reasoning that it is unable to conduct "a meaningful analysis of the Nev. R. Civ. P. 23 requirements....until the parties have conclusively fulfilled the pre-litigation procedural requirements of Chapter 40." Docket No. 19 at 4. By granting conditional class certification, the Court found that Plaintiff has standing to sue and to dictate the litigation strategy, as well as the required full authority to reach a settlement on behalf of the homeowners. Docket No. 19 at 4. Therefore, the Court finds that the individual homeowners are not required to be present at the mediation.

      B.      Mediation requirement was not fulfilled

N.R.S. § 40.680 requires the plaintiff and each party alleged to have caused the construction defect to select a mediator, pay for the mediation, and attend the mediation in good faith. Moreover, Fed. R. Civ. P. 16(f)(1) permits the Court to issue sanctions when it has determined a party has failed to participate in a conference in good faith. *Cf. Harden v. Nev. Dep't of Corr.*, 2017 U.S. Dist. LEXIS 148196, at *6 (D. Nev. Sept. 12, 2017) (denying a motion for sanctions based on the good faith efforts of the required individuals in attending the meditation). A mediation cannot be considered completed if one party does not attend. *Id.*

As mentioned above, Plaintiff has the required full settlement authority to participate in a mediation on behalf of the homeowners. Defendant told Plaintiff on three separate occasions it would not participate in the mediation unless all the homeowners were present (Docket Nos. 30-6 at 28, 30-14 at 5-6, 30-16 at 2-3). Instead of filing a motion with the Court to ensure Defendant's required attendance, Plaintiff finalized the timing of the mediation, attended the mediation, and submits that the mediation as conducted is complete and sufficient. *See Alroma, LLC v. Silverleaf Fin., LLC*, 2012 U.S.

Dist. LEXIS 21784 (D. Nev. Feb. 22, 2012) (granting a motion to compel defendant to attend a private mediation and mediate in good faith); *see also* Docket Nos. 30-17 at 2, 30-18 at 2, 30 at 11. Although two subcontractors participated in the mediation, Defendant, did not. Docket No. 30-18 at 2. Therefore, the Court finds that the N.R.S. § 40.680 mediation has not yet occurred.

III. **CONCLUSION**

For the reasons discussed more fully above, the Court **DENIES** Defendant's motion. The Court **ORDERS** the parties to schedule and hold a N.R.S. § 40.680 Mediation no later than October 25, 2017. The mediation must be attended by Plaintiff and its counsel, Defendant and its counsel, and any and all subcontractors and their counsel. No other individuals are required to attend the mediation to satisfy the requirements under N.R.S. § 40.680. The parties must inform the Court when the mediation has been completed.

IT IS SO ORDERED.

DATED: September 25, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge