UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>D.R. HORTON, INC.,<br><br>Defendant. | Case No. 2:14-cv-02222-JCM-NJK<br><br>ORDER |

Presently before the court is third party defendant ISI Design and Installation Solutions, Inc.'s ("ISI") f/k/a Creative Touch Interiors, Inc., motion for determination of good faith settlement. (ECF No. 162). No response has been filed, and the time to do so has passed.

Also before the court is third party defendant Gilmore Construction LLC's ("Gilmore") motion for determination of good faith settlement. (ECF No. 167). No response has been filed, and the time to do so has passed.

Lastly before the court is third party defendant Quality Wood Products, Ltd.'s ("QWP") motion for determination of good faith settlement. (ECF No. 168). No response has been filed, and the time to do so has passed.

**I.    Facts**

The instant action is a construction defect lawsuit brought by the homeowners ("plaintiffs") of a collection of homes against home developer D.R. Horton, Inc. ("developer") within the Azure Manor/Rancho De Paz subdivision community ("the project").

On November 26, 2014, plaintiff initiated this suit in state court. (ECF No. 1). On December 31, 2014, developer removed the action to federal court. *Id.* Thereafter, developer filed its answer and third-party complaint against its subcontractors, including ISI, Gilmore, and

QWP, (collectively, the "subcontractors") asserting various indemnity claims for the work they produced that contributed to the alleged construction defects. (ECF No. 160).

ISI supplied and installed carpet, vinyl, and ceramic tile, as well as fireplace surrounds and countertops for the project. (ECF No. 162). Gilmore supplied and installed framing, including window installation, for "at least a portion of" the project. (ECF No. 167). Finally, QWP installed the finish carpentry, including door and trim, for the project. (ECF No. 168).

After a lengthy period of discovery, developer and each of the subcontractors participated in mediation with a court-appointed mediator to agree upon a fair settlement amount in exchange for release of all claims against the subcontractors. *See* (ECF Nos. 162, 167, 168).

The court now considers each of the subcontractors' motions for determination of good faith settlement. *Id.*

**II.     Legal Standard**

Under Nevada law, the determination of whether a settlement is entered in "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686-87 (Nev. 2004).

Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563.

**III.    Discussion**

The court will address each of the subcontractors' motions in turn.

*a. ISI's motion for determination of good faith settlement*

In its motion, ISI has addressed each of the applicable *MGM* factors. (ECF No. 162). ISI submits that it has reached an agreement with developer to settle for $7,000 in exchange for full release of all claims alleged by developer against ISI. *Id.* ISI asserts that the parties arrived at this amount after negotiations involving the review of "all presently available evidence." *Id.* Based upon this review, ISI represents that this figure adequately compensates developer for any purported damages allegedly attributable to ISI. *Id.*

ISI asserts that the *MGM* factors regarding allocation of settlement proceeds, insurance policy limits, and ISI's financial condition are irrelevant to these proceedings. *Id.* The court agrees. Indeed, because ISI is a third-party defendant, all the settlement proceeds will be paid directly to developer, and no further allocation will be necessary. Moreover, ISI notes that the settlement amount does not exceed its available insurance policy limits, and that its financial condition is not at issue. *Id.*

Finally, ISI asserts that the parties reached their agreement after "careful review" of all available evidence and "thoughtful negotiations." *Id.* ISI further submits that the settlement amount is fair and just, and that the arms' length negotiations were free from collusion, fraud, or tortious conduct. *Id.*

In light of the foregoing discussion of the relevant *MGM* factors, and because no party has opposed ISI's motion, the court finds that the settlement between ISI and developer was made in good faith. ISI's motion is granted.

*b. Gilmore's motion for determination of good faith settlement*

Gilmore has agreed to settle this matter with developer for a sum of $15,000 in exchange for full release of all claims against Gilmore. (ECF No. 167).

Gilmore asserts that this sum was settled upon after extensive, arms' length negotiations between the parties along with a court-appointed mediator. *Id.* Gilmore submits that this sum is fair and substantial. *Id.*

For the same reasons stated above, Gilmore asserts that the MGM factors regarding allocation of settlement proceeds, insurance policy limits, and Gilmore's financial condition are

irrelevant to these proceedings. *Id.*

Finally, Gilmore disavows that any collusion, fraud, or tortious conduct occurred in reaching this settlement agreement. *Id.* Gilmore submits that this settlement was reached following lengthy, arms' length negotiations with the help of a professional, court-appointed mediator, and that the terms of the agreement were not "improperly calculated to injure the interests of any non-settling party to this litigation." *Id.*

In light of the foregoing discussion of the relevant *MGM* factors, and because no party has opposed Gilmore's motion, the court finds that the settlement between Gilmore and developer was made in good faith. Gilmore's motion is granted.

    *c. QWP's motion for determination of good faith settlement*

QWP has also agreed to settle this matter with developer for a sum of $15,000. (ECF No. 168). Purportedly, this sum far exceeds the direct cost of repair to fix the alleged defects relating to QWP's work. *Id.* Nevertheless, QWP has agreed to pay an additional sum to compensate developer "for the Chapter 40 statutory entitlements as well as to satisfy QWP's contractual obligations." *Id.*

Like ISI and Gilmore, QWP also alleges that the second, third, and fourth *MGM* factors are inapplicable. *Id.* Therefore, QWP concludes by noting that the mediation before a court-appointed mediator resulted in a settlement agreement that is free from collusion, fraud, or tortious behavior. *Id.* QWP submits that counsel for each party, as well as the mediator, have "numerous years of experience handling construction defect matters." *Id.*

In light of the foregoing discussion of the relevant *MGM* factors, and because no party has opposed QWP's motion, the court finds that the settlement between QWP and developer was made in good faith. QWP's motion is granted.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that ISI's motion for determination of good faith settlement (ECF No. 162) be, and the same hereby is, GRANTED.

///

4

IT IS FURTHER ORDERED that Gilmore's motion for determination of good faith settlement (ECF No. 167) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that QWP's motion for determination of good faith settlement (ECF No. 168) be, and the same hereby is, GRANTED.

DATED THIS 2nd day of April 2019.

                                              JAMES C. MAHAN
                                              UNITED STATES DISTRICT JUDGE