# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>D.R. HORTON, INC.,<br><br>Defendant(s). | Case No. 2:14-CV-2222 JCM (NJK)<br><br>ORDER |

Presently before the court is third party defendant Harrison Landscape Company's ("Harrison") motion for determination of good faith settlement. (ECF No. 178). No response has been filed, and the time to do so has passed.

Also before the court is third party defendant Majestic Plumbing, Inc's ("Majestic") motion for determination of good faith settlement. (ECF No. 182). No response has been filed, and the time to do so has passed.

**I.  Facts**

The instant action is a construction defect lawsuit brought by the homeowners ("plaintiffs") of a collection of homes against home developer D.R. Horton, Inc. ("developer") within the Azure Manor/Rancho De Paz subdivision community ("the project").

On November 26, 2014, plaintiff initiated this suit in state court. (ECF No. 1). On December 31, 2014, developer removed the action to federal court. *Id.* Thereafter, developer filed its answer and third-party complaint against its subcontractors, including Harrison and Majestic, (collectively, the "subcontractors") asserting various indemnity claims for the work they produced that contributed to the alleged construction defects. (*See generally* ECF No. 40).

**James C. Mahan**
**U.S. District Judge**

1  "Harrison was responsible for landscaping and fine 'finish' grading at 66 of the 67 subject homes." (ECF No. 178 at 3). Majestic contracted to install plumbing at the project. (ECF No. 182 at 3).

After a lengthy period of discovery, developer and each of the subcontractors participated in mediation with a court-appointed mediator to agree upon a fair settlement amount in exchange for release of all claims against the subcontractors. (*See* ECF Nos. 178, 182).

The court now considers both of the subcontractors' motions for determination of good faith settlement. *Id.*

## II. Legal Standard

Under Nevada law, the determination of whether a settlement is entered in "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686-87 (Nev. 2004).

Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563.

## III. Discussion

The court will address each of the subcontractors' motions in turn.

*a. Harrison's motion for determination of good faith settlement*

In its motion, Harrison has addressed each of the applicable *MGM* factors. (ECF No. 162). Harrison submits that it has reached an agreement with developer to settle for $5,000, to be paid

**James C. Mahan**
**U.S. District Judge**

- 2 -

by Harrison's participating insurance carrier. *Id.* at 5. In exchange, Harrison will be released of all of developer's "known and unknown claims against Harrison with the exception of additional insured obligations (if any)." *Id.* at 4.

Harrison asserts that the parties arrived at this amount as the result of an arms-length negotiation using a court-appointed mediator. *Id.* at 5. The parties reviewed plaintiffs' cost of repair and developer's expert reports, and Harrison represents that—after removing allegations that Harrison believes "should have been allocated to others"—their responsibility for the cost of repair was $0. *Id.* at 5–6. Nonetheless, "Harrison has agreed to pay an additional sum to compensate [d]eveloper and [p]laintiffs for the Chapter 40 statutory entitlements as well as to satisfy Harrison's contractual obligations." *Id.* at 6.

Regarding the *MGM* factors regarding allocation of settlement proceeds, Harrison claims that it "is not in a position to allocate any settlement proceeds to Plaintiffs." *Id.* The court agrees. Indeed, because Harrison is a third-party defendant, all the settlement proceeds will be paid directly to developer, and no further allocation will be necessary. Moreover, Harrison notes that its "defined and limited exposure" means that (1) its insurance policies were never a serious consideration, (2) its insurance limits exceed the amount of the settlement, and, as a result, (3) its financial condition is not at issue. *Id.*

Finally, Harrison asserts that the parties reached a fair settlement through a court-appointed mediator and that the arms' length negotiations were free from collusion, fraud, or tortious conduct. *Id.*

In light of the foregoing discussion of the relevant *MGM* factors, and because no party has opposed Harrison's motion, the court finds that the settlement between Harrison and developer was made in good faith. Harrison's motion is granted.

*b. Majestic's motion for determination of good faith settlement*

Majestic has agreed to settle this matter with developer for a sum of $25,000 in exchange for full release of all claims against Majestic. (ECF No. 182 at 3).

Majestic asserts that this sum was settled upon after a mediation session and several negotiation discussions between the parties along with a court-appointed mediator. *Id.* Majestic

submits that this sum is fair and substantial, and it asserts that developer "agreed to accept the proposed settlement as representing a reasonable apportionment of Majestic's liability for this claim." *Id.* at 4.

Majestic asserts that the *MGM* factors regarding allocation of settlement proceeds, insurance policy limits, and Majestic's financial condition are irrelevant to these proceedings. *Id.* at 4–5.

Finally, Majestic alleges that the mediation and negotiations between counsel, with the assistance of the mediator, were free of any collusion, fraud, or tortious conduct. *Id.* at 5.

In light of the foregoing discussion of the relevant *MGM* factors, and because no party has opposed Majestic's motion, the court finds that the settlement between Majestic and developer was made in good faith. Majestic's motion is granted.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Harrison's motion for determination of good faith settlement (ECF No. 178) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Majestic's motion for determination of good faith settlement (ECF No. 182) be, and the same hereby is, GRANTED.

DATED August 14, 2019.

_____
UNITED STATES DISTRICT JUDGE