ANNALISA N. GRANT, ESQ.
Nevada Bar No. 11807
GRANT & ASSOCIATES
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Tel.: (702) 940-3529
Fax: (855) 429-3413

Attorney for Third-Party Defendant
GILMORE CONSTRUCTION, LLC

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION, a Nevada residential, common-interest planned community,<br><br>Plaintiffs,<br><br>vs.<br><br>D.R. HORTON, INC., a Delaware corporation, and DOES 1-100, inclusive,<br><br>Defendants. | **CASE NO.: 2:14-cv-02222-JCM-NJK**<br><br>**STIPULATION AND ORDER TO DEEM SETTLEMENT AGREEMENT AND RELEASE FULLY EXECUTED AND FOR DISMISSAL OF THIRD-PARTY DEFENDANT GILMORE CONSTRUCTION, LLC WITH PREJUDICE** |
| D.R. HORTON, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ALLARD ENTERPRISES d/b/a IRON SPECIALISTS; AMERICAN ASPHALT & GRADING COMPANY; ATRIUM DOOR AND WINDOW COMPANY; BEBOUT CONCRETE, INC.; BEL-AIR PLASTERING, INC.; CENTRAL VALLEY INSULATION; CREATIVE TOUCH INTERIORS, INC.; DISTINCTIVE MARBLE, INC.; EFFICIENT ELECTRIC, INC.; GILMORE CONSTRUCTION, LLC; HARRISON LANDSCAPE COMPANY, LLC; MAJESTIC PLUMBING, INC.; NEVADA LANDSCAPING, INC.; NEW CREATION MASONRY, INC.; OPM, INC. d/b/a CONSOLIDATED ROOFING; QUALITY WOOD PRODUCTS LTD.; SILVER STATE | |

1

| | |
|---|---|
| 1 | FIREPLACES, INC.; SOUTHERN NEVADA PAVING, INC.; SUMMIT DRYWALL & PAINT, LLC; SUNRISE MECHANICAL, INC.; SUNSTATE COMPANIES, INC. d/b/a SUNSTATE LANDSCAPE; WESTERN SHOWER DOOR; ZEPEDA BROS. PAINT & DRYWALL, LLC; and DOES 1 through 150, |
| | Third-Party Defendants. |

### STIPULATION AND ORDER TO DEEM SETTLEMENT AGREEMENT AND RELEASE FULLY EXECUTED AND FOR DISMISSAL OF THIRD-PARTY DEFENDANT GILMORE CONSTRUCTION, LLC WITH PREJUDICE

IT IS HEREBY STIPULATED, by and between Third-Party Defendant GILMORE CONSTRUCTION, LLC (hereinafter "GILMORE"), by and through its attorneys of record, Grant & Associates, and Defendant/Third-Party Plaintiffs D.R. HORTON, INC. (hereinafter "DRH"), by and through its attorneys of record, Wood, Smith, Henning & Berman, LLP, that:

(1)   The Settlement Agreement and Release between GILMORE and DRH, signed by a representative of DRH, as well as counsel for DRH and counsel for GILMORE, and attached hereto as **EXHIBIT A**, is deemed fully executed by GILMORE, and

(2)   Defendant/Third-Party Plaintiff's Third-Party Complaint in the above-captioned matter is hereby dismissed, with prejudice, as to Third-Party Defendant GILMORE CONSTRUCTION, LLC only.  Each party shall bear its own attorneys' fees and costs.

IT IS SO STIPULATED.

Dated this 22nd day of August, 2019.                Dated this 22nd day of August, 2019.

WOOD, SMITH, HENNING & BERMAN, LLP                GRANT & ASSOCIATES

*/s/ Elisa L. Wyatt, Esq.*                                  */s/ Annalisa N. Grant, Esq.*
_____              _____
ELISA L. WYATT, ESQ.                                ANNALISA N. GRANT, ESQ.
Nevada Bar No. 13034                                Nevada Bar No. 11807
2881 Business Park Court, Suite 200                 7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, NV 89128                                 Las Vegas, NV 89113
Attorneys for Defendant/Third-Party Plaintiff       Attorney for Third-Party Defendant
D.R. HORTON, INC.                                   GILMORE CONSTRUCTION, LLC

*Azure Manor/Rancho De Paz HOA v. D.R. Horton, Inc.*
*Case No. 2:14-cv-02222-JCM-NJK*

### **ORDER**

**IT IS HEREBY ORDERED** that (1) The Settlement Agreement and Release between GILMORE and D.R. HORTON attached as **EXHIBIT A** is deemed fully executed; and (2) Defendant/Third-Party Plaintiff D.R. HORTON, INC.'S Third-Party Complaint in the above-captioned matter, shall be dismissed, with prejudice, as to Third-Party Defendant GILMORE, only, with each party bearing its own attorneys' fees and costs.

DATED August 27, 2019.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:

GRANT & ASSOCIATES

*/s/ Annalisa N. Grant*
_____
ANNALISA N. GRANT, ESQ.
Nevada Bar No. 11807
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Attorney for Third-Party Defendant
GILMORE CONSTRUCTION, LLC

GRANT & ASSOCIATES
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Telephone No. (702) 940-3529
Facsimile No. (855) 429-3413

3

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of Claims (hereinafter "AGREEMENT") is entered into and effective as of the date last executed by the party hereto.

### I.   PARTIES

A.   The following party is referred to as "THIRD PARTY PLAINTIFF" or "DRH":

- D.R. HORTON, INC. shall mean D.R. HORTON INC., a Delaware corporation, and all of its past, present subcontractors, design professionals, agents, partners, associates, joint venturers, subsidiaries, directors, officers, stockholders, owners, employers, employees, predecessors, successors, heirs, assigns, insurers, bonding companies, representatives and attorneys, and all persons acting by, through, under or in concert with them, or any of them.

B.   The following party is referred to as "THIRD PARTY DEFENDANT" or "GILMORE CONSTRUCTION, LLC":

- GILMORE CONSTRUCTION, LLC shall mean GILMORE CONSTRUCTION, LLC, a Nevada limited liability company, and all of its past, present and future subcontractors, design professionals, agents, partners, associates, joint venturers, subsidiaries, directors, officers, stockholders, owners, employers, employees, predecessors, successors, heirs, assigns, insurers, bonding companies, representatives and attorneys, and all persons acting by, through, under or in concert with them, or any of them.

C.   THIRD PARTY PLAINTIFF and GILMORE CONSTRUCTION, LLC, will be collectively referred to as "PARTIES."

### II.   RECITALS

A.   There has been pending in the United States District Court, District of Nevada, an action entitled, *Azure Manor/Rancho De Paz Homeowners Association v. D.R. Horton, Inc.*, Case No. 2:14-CV-02222-JCM-NJK, which includes all related third-party claims, counterclaims and cross-claims (hereinafter "THE ACTION").

B.   This lawsuit involves alleged construction defects to the common elements and 76 residences within the Azure Manor/Rancho De Paz (hereinafter the "SUBJECT PROPERTY") community located in North Las Vegas, Nevada. The original complaint by the Association was filed on November 26, 2014.

C.   A Third-Party Complaint was filed on August 26, 2015 by THIRD PARTY PLAINTIFF D.R. Horton, Inc. against various subcontractors, including GILMORE CONSTRUCTION, LLC for Negligence, Breach of Contract, Express Indemnity, Implied Indemnity, Equitable

LEGAL:05708-0413/10205415.1

*SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS*
*Azure Manor/Rancho De Paz Homeowners Association v. D.R. Horton, Inc., Case No. 2:14-CV-02222-JCM-NJK*
*Page 1 of 6*

Indemnity, Breach of Express and Implied Warranties to Perform in Workmanlike Manner, Breach of Implied Warranty of Fitness for a Particular Purpose and/or Warranty of Merchantability, Contribution, Apportionment, and Declaratory Relief regarding Duty to Defend and Duty to Indemnify.

D.   The PARTIES desire to memorialize their intentions to fully settle, once and for all, all claims and controversies of any kind existing between and among them as of this date. The PARTIES agree that no further claims, controversies, or action involving the PARTIES hereto regarding said matters shall be made or commenced by the PARTIES.

E.   By entering into this AGREEMENT, the PARTIES agree to dismiss, discharge, sever, forever release and terminate any and all rights, liabilities and relationships that they may have and resolve any and all claims, past, present and future, relating to the ACTION. This AGREEMENT is made in the interest of avoiding expense, delays, and inconvenience relating to the prosecution and/or defense of the ACTION and with the purpose of achieving the mutual desires of the PARTIES. All claims, past, present, or future, are disputed and this full and final settlement thereof shall never be treated as evidence of liability (which is expressly denied), nor as an admission of liability or responsibility at any time or in any manner whatsoever to THIRD PARTY PLAINTIFF, nor to any other party.

### III.   AGREEMENT

A.   **Recitals.**  The recitals are incorporated herein as though fully set forth as part of this AGREEMENT.

B.   In consideration of the mutual assurances, warranties, covenants and promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each of the PARTIES agree hereto to perform each of the terms and conditions stated herein, and to abide by the terms of this AGREEMENT.

C.   **Mutual Release as to the Action.**  Except as otherwise expressly provided for herein, the PARTIES hereby forever release and discharge each other, and their respective employees, agents, successors and assigns, from all claims, demands, causes of action, damages or liabilities of any kind and character whatsoever, whether known or unknown, foreseen or unforeseen, actual or contingent, or nonexistent at the present time or which may arise in the future, which the PARTIES or their agents, successors or assigns may have against the other PARTIES, arising out of or in any way related to the ACTION or the SUBJECT PROPERTY, including but not limited to, any and all claims arising from the alleged act, omission, fraud, misrepresentation, failure to disclose, breach of warranty, breach of contract, or any obligations allegedly incurred in connection with the contract entered into between the PARTIES and the surrounding business relationship.

The PARTIES further acknowledge and agree that this release shall apply to all unknown or unanticipated damages, including any and all claims which now exist or which may arise in the future, arising out of the claims in the ACTION.

*LEGAL:05708-0413/10205415.1*

*SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS*
*Azure Manor/Rancho De Paz Homeowners Association v. D.R. Horton, Inc., Case No. 2:14-CV-02222-JCM-NJK*
*Page 2 of 6*

This AGREEMENT does not include any dismissal, waiver or release of any additional insured obligation owed by any of GILMORE CONSTRUCTION, LLC's respective carriers to D.R. HORTON. This AGREEMENT and this settlement will not affect D.R. HORTON's right to pursue reimbursement from GILMORE CONSTRUCTION, LLC's carriers for D.R. HORTON's attorneys' fees, costs, and damages of any kind. The cutoff date for any additional insured obligations owed to D.R. HORTON by any respective carriers shall be the date of payment of settlement funds to D.R. HORTON's counsel.

D.  **Obligations of PARTIES.** In consideration for the mutual promises and covenants contained herein, GILMORE CONSTRUCTION, LLC, or its carriers, shall pay THIRD PARTY PLAINTIFF, the total sum of **FIFTEEN THOUSAND DOLLARS AND NO CENTS ($15,000.00)** for settlement of all claims and causes of action alleged and could have been alleged in THIRD PARTY PLAINTIFF'S Third-Party Complaint in exchange for the execution of this AGREEMENT.

The above payment shall be made payable to D.R. Horton, Inc. (Tax ID No.: 75-2386963) within thirty (30) days of execution of this AGREEMENT by THIRD-PARTY PLAINTIFF.

THIRD PARTY PLAINTIFF agrees to dismiss its Third-Party Complaint as to GILMORE CONSTRUCTION, LLC with prejudice, upon THIRD PARTY PLAINTIFF's receipt of the $15,000.00 settlement funds from GILMORE CONSTRUCTION, LLC and execution of this AGREEMENT by the PARTIES.

E.  **Confidentiality.** The PARTIES agree that the negotiations leading to the execution of this AGREEMENT and the terms of this AGREEMENT shall be held in confidence, and shall not be disclosed, communicated, or divulged to any person, other than those who must perform tasks to effectuate this AGREEMENT. Notwithstanding the foregoing, the PARTIES may disclose the terms of this AGREEMENT to those persons to whom disclosure is necessary for the preparation of tax returns, to persons to whom disclosure is ordered by a court of competent jurisdiction or otherwise required by law, as necessary for pursuing claims regarding any additional insured obligation as stated in Para. III(C) and as necessitated in this litigation for pursuing the remaining parties, including the filing of a Motion for Determination of Good Faith Settlement.

F.  **Good Faith.** The PARTIES agree and acknowledge that all negotiations by them and their representatives, in connection with the settled claims, have been conducted in complete good faith. This settlement has been achieved between the PARTIES without evidence of bad faith, collusion, unfair practices or tortious conduct of any kind, which is injurious to the interests of the PARTIES.

G.  **Construction.** This AGREEMENT is the product of collaboration among the PARTIES. No provision of this AGREEMENT shall be construed against any Party by virtue of the involvement of that Party or its attorneys in drafting this AGREEMENT.

LEGAL:05708-0413/10205415.1

*SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS*
*Azure Manor/Rancho De Paz Homeowners Association v. D.R. Horton, Inc., Case No. 2:14-CV-02222-JCM-NJK*
*Page 3 of 6*

H.    **Entire Agreement – No Oral Modifications.** This AGREEMENT constitutes the entire integrated agreement among the PARTIES and fully supersedes any and all prior understandings, representations, warranties or agreements pertaining to the subject matter of this AGREEMENT. No oral agreements, understandings or representations shall change, modify or amend any part of this AGREEMENT. This AGREEMENT may be modified only by written agreement fully executed by the PARTIES.

I.    **Binding Effect.** The terms of this AGREEMENT shall be binding upon, and shall inure to the benefits of the PARTIES and their respective predecessors, successors and assigns. This AGREEMENT is not intended to constitute a third-party beneficiary contract.

J.    **Independent Legal Advice:** The PARTIES acknowledge that they have carefully read this entire AGREEMENT; that they have had the opportunity to review this AGREEMENT with their attorneys; that they have full understanding of its contents and the effects thereof; and that they have executed the AGREEMENT of their own free will, without any coercion by anyone, either party or non-party, to this AGREEMENT.

K.    **Necessary Acts.** The PARTIES agree to perform any and all acts as well as execute any and all documents, which may be reasonably necessary to fully carry out the provisions and intent of this AGREEMENT.

L.    **Attorney's Fees.** Should any action or arbitration be commenced between the PARTIES or their successors or assigns, concerning any provision of this AGREEMENT or the rights and obligations of any Party in relation thereto, or to enforce this AGREEMENT, the prevailing Party in such action or arbitration shall be entitled, in addition to such other relief as may be granted, to reasonable attorneys' fees and other costs incurred in connection with such proceedings.

M.    **Representation of the PARTIES.** The PARTIES represent and warrant that as of the date of the execution of the AGREEMENT, they have the sole right and authority to execute this AGREEMENT on their behalf and on behalf of any corporate entity, partnership or other business entity with regard to the subject matter of this AGREEMENT, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand relating to any right surrendered by virtue of the AGREEMENT.

N.    **Nevada Law/Venue.** This AGREEMENT, and the rights, remedies or obligations provided for hereunder, shall be construed and enforced in accordance with the laws of the State of Nevada. Venue for any action to enforce or interpret this AGREEMENT shall be the District Court for Clark County, Nevada.

O.    **Counterparts.** This AGREEMENT may be executed in any number of counterparts, each of which shall be deemed to be the original, and all of which, together, shall be deemed to be one in the same instrument.

*LEGAL:05708-0413/10205415.1*

*SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS*
*Azure Manor/Rancho De Paz Homeowners Association v. D.R. Horton, Inc., Case No. 2:14-CV-02222-JCM-NJK*
*Page 4 of 6*

IN WITNESS HEREOF, the PARTIES have executed this Settlement Agreement and Mutual Release of Claims as of the day and year indicated herein.

**WE UNDERSTAND AND AGREE** that this release extends to and includes any and all of the damages, injuries, property damage, and claims which we do not anticipate or know about or suspect exist, and also to any and all damages, injuries, property damage and claims which may develop in the future, and we hereby expressly waive and relinquish any and all rights under any law or statute to the contrary.

**WE CONSIDER** that the money now being paid is fair and equitable under all the circumstances. We accept it as a full and final settlement of all claims, rights and damages which we now have or may have against the persons and entities being released, their agents, or their representatives.

**IN MAKING** this AGREEMENT, we have not relied upon statements nor representations regarding our rights, claims or damages by the PARTIES being released, their agents, or their representatives. On the contrary, we have considered all these matters ourselves and relied entirely on our own judgment and the counsel of our respective attorneys.

**WE UNDERSTAND** that the amount of this settlement is a compromise settlement of a doubtful and disputed claim of rights for damages arising out of the alleged acts, omissions, events and occurrences by the PARTIES being released in connection with the circumstances referred to in the pleadings filed in the above-described lawsuit.

**IT IS FURTHER AGREED** that this settlement is not to be considered as an admission of any responsibility or fault whatsoever, in whole or in part, by the PARTIES being released, their employees, their agents, or their representatives.

**THIS RELEASE CONTAINS** the entire AGREEMENT between ourselves and the PARTIES being released, their employees, their agents and their representatives, and it is agreed that the terms of this release are contractual and not merely a recital.

**IF THIS RELEASE** is signed and executed by any person acting as an agent or in any representative capacity for someone else, the person so signing and executing warrants and represents that he or she has full authority to so act.

**WE HAVE READ** this Release, understand it, are signing it voluntarily, and have been fully advised by our attorney regarding its terms.

The PARTIES have executed this Settlement Agreement and Release in Full of All Claims and Rights as of the day and year indicated herein.

*LEGAL:05708-0413/10205415.1*

*SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS*
*Azure Manor/Rancho De Paz Homeowners Association v. D.R. Horton, Inc., Case No. 2:14-CV-02222-JCM-NJK*
*Page 5 of 6*

The PARTIES have executed this Settlement Agreement and Release in Full of All Claims and Rights as of the day and year indicated herein.

Date: 4/29/19

_____
D.R. HORTON, INC.
THIRD PARTY PLAINTIFF

Date: _____

_____
GILMORE CONSTRUCTION, LLC
THIRD PARTY DEFENDANT

**APPROVED AS TO FORM AND CONTENT:**

DATED: 4-30, 2019     WOOD, SMITH, HENNING & BERMAN LLP

_____
JOEL D. ODOU, ESQ.
ELISA L. WYATT, ESQ.
Attorneys for D.R. HORTON, INC.

DATED: _____, 2019     GRANT & ASSOCIATES

_____
LEE J. GRANT, II, ESQ.
SARAH HARTIG, ESQ.
Attorney for Third-Party Defendant
GILMORE CONSTRUCTION, LLC

LEGAL:05708-0413/10663310.1

*SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS*
*Azure Manor/Rancho De Paz Homeowners Association v. D.R. Horton, Inc.*
*Case No. 2:14-CV-0222-JCM-NJK*
*Page 6 of 6*

The PARTIES have executed this Settlement Agreement and Release in Full of All Claims and Rights as of the day and year indicated herein.

Date: 4/29/19

_____
D.R. HORTON, INC.
THIRD PARTY PLAINTIFF

Date: _____

_____
GILMORE CONSTRUCTION, LLC
THIRD PARTY DEFENDANT

**APPROVED AS TO FORM AND CONTENT:**

DATED: 4-30, 2019        WOOD, SMITH, HENNING & BERMAN LLP

_____
JOEL D. ODOU, ESQ.
ELISA L. WYATT, ESQ.
Attorneys for D.R. HORTON, INC.

DATED: 6/20, 2019        GRANT & ASSOCIATES

_____
LEE J. GRANT, II, ESQ.
SARAH HARTIG, ESQ.
Attorney for Third-Party Defendant
GILMORE CONSTRUCTION, LLC

LEGAL:05708-0413/10663310.1

*SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS*
*Azure Manor/Rancho De Paz Homeowners Association v. D.R. Horton, Inc.*
*Case No. 2:14-CV-0222-JCM-NJK*
*Page 6 of 6*