UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AZURE MANOR/RANCHO DE PAZ HOMEOWNERS ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>D.R. HORTON, INC.,<br><br>Defendant(s). | Case No. 2:14-CV-2222 JCM (NJK)<br><br>ORDER |

Presently before the court is third party defendant Sunrise Mechanical, Inc.'s ("Sunrise") motion for determination of good faith settlement. (ECF No. 222). No response has been filed, and the time to do so has passed.

Also before the court is third party defendant Bebout Concrete, Inc's ("Bebout") motion for determination of good faith settlement. (ECF No. 227). No response has been filed, and the time to do so has passed.

**I.    Facts**

The instant action is a construction defect lawsuit brought by the homeowners ("plaintiffs") of a collection of homes against home developer D.R. Horton, Inc. ("developer") within the Azure Manor/Rancho De Paz subdivision community ("the project").

On November 26, 2014, plaintiff initiated this suit in state court. (ECF No. 1). On December 31, 2014, developer removed the action to federal court. *Id.* Thereafter, developer filed its answer and third-party complaint against its subcontractors, including Sunrise and Bebout, (collectively, the "subcontractors") asserting various indemnity claims for the work they produced that contributed to the alleged construction defects. (*See generally* ECF No. 40).

**James C. Mahan**
**U.S. District Judge**

Sunrise was "to provide heating, ventilation, and air conditioning ('HVAC') systems" for the project. (ECF No. 222 at 2–3). Bebout contracted "to provide concrete slabs and flatwork" for the project. (ECF No. 227 at 2).

After a lengthy period of discovery, developer and each of the subcontractors participated in mediation with a court-appointed mediator to agree upon a fair settlement amount in exchange for release of all claims against the subcontractors. (*See* ECF Nos. 222, 227).

The court now considers both of the subcontractors' motions for determination of good faith settlement. *Id.*

## II. Legal Standard

Under Nevada law, the determination of whether a settlement is entered in "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686-87 (Nev. 2004).

Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563.

## III. Discussion

The court will address each of the subcontractors' motions in turn.

*a. Sunrise's motion for determination of good faith settlement*

In its motion, Sunrise has addressed each of the applicable *MGM* factors. (ECF No. 222). Sunrise submits that it has reached an agreement with developer to settle for $12,500, which

reflects "its proportionate share of the overall value of this case, given the allegations, . . . and the totality of the circumstances." *Id.* at 5–6. In exchange, Sunrise "will receive a full release for the homes in this case." *Id.* at 3. Sunrise "does not admit any liability in regard to the claims of Greystone or [p]laintiffs." *Id.*

Regarding the *MGM* factors, Sunrise avers that neither its insurance policy limits nor its financial condition limited the agreed-upon settlement amount. *Id.* at 6. Instead, the amount in settlement and allocation thereof was predicated on an analysis of the allegation allocated to Sunrise, expected testimony from experts retained by the homeowners' association, and the proportionate share of the overall value of this case. *Id.* at 5–6.

Finally, Sunrise asserts that the parties reached a fair settlement through a court-appointed mediator and that the arms' length negotiations were free from collusion, fraud, or tortious conduct. *Id.* at 6–7.

In light of the foregoing discussion of the relevant *MGM* factors, and because no party has opposed Sunrise's motion, the court finds that the settlement between Sunrise and developer was made in good faith. Sunrise's motion is granted.

  *b. Bebout's motion for determination of good faith settlement*

Bebout has agreed to settle this matter with developer for a sum of $1,000 in exchange for full release of all claims against Bebout. (ECF No. 227 at 3).

Bebout asserts that this sum was settled upon after a mediation session and several negotiation discussions between the parties with the assistance of a court-appointed mediator. *Id.* at 6–7. Because of the arms-length negotiations, Bebout alleges that the settlement agreement is free of any collusion, fraud, or tortious conduct. *Id.* at 5.

Bebout asserts that the *MGM* factors regarding allocation of settlement proceeds, insurance policy limits, and Bebout's financial condition are irrelevant to these proceedings. *Id.* at 4–5. Instead, Bebout submits that this sum is fair in light of its potential exposure in this case, proportionate to the overall value of this case, and takes into consideration all relevant facts, allegations, and possible expert testimony. *Id.* at 5–6.

1    In light of the foregoing discussion of the relevant *MGM* factors, and because no party has opposed Bebout's motion, the court finds that the settlement between Bebout and developer was made in good faith. Bebout's motion is granted.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Sunrise's motion for determination of good faith settlement (ECF No. 222) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Bebout's motion for determination of good faith settlement (ECF No. 227) be, and the same hereby is, GRANTED.

DATED October 17, 2019.

_____
UNITED STATES DISTRICT JUDGE